UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARTIN FOSTER,
    Plaintiff,

-vs-                              CASE NO.: 3:16-cv-196-J-25JRK

ACADEMY LTD., d/b/a
ACADEMY SPORTS & OUTDOORS,
    Defendant.
_____/

## COMPLAINT

Plaintiff, MARTIN FOSTER, by and through his undersigned counsel, sues the Defendant, ACADEMY LTD., d/b/a ACADEMY SPORTS & OUTDOORS, and in support thereof respectfully alleges the following:

### INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA).

2. The TCPA was enacted to prevent companies like ACADEMY LTD., d/b/a ACADEMY SPORTS & OUTDOORS ("Academy") from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

1

out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (St. John's County), the phone calls were received in this District, and the Defendant transacts business in St. John's County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in St. John's County, Florida, in this District.

11. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

12. Defendant, ACADEMY LTD., d/b/a ACADEMY SPORTS & OUTDOORS, is a limited partnership which was formed in Texas with its principal place of business at 1800 North Mason Road, Katy, TX 77449, whose registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

13. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, St. John's County, Florida, by the Defendant's placing of illegal calls (text messages) to St. John's County, Florida.

14. Upon information and belief, some or all of the calls (texts) the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" ("ATDS") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). The Plaintiff received over 50 text messages from the Defendant made without human intervention.

15. Each of the autodialer calls (texts) the Defendant made to Plaintiff's cellular telephone number was done so without the prior express consent of the Plaintiff. Additionally, the Plaintiff attempted to opt-out of the text messages from the Defendant on several occasions to no avail.

3

16. The texts from the Defendant to the Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent by sending a STOP notice to Defendant on at least five (5) instances.

17. Plaintiff is the regular user and carrier of the cellular telephone number, (904) ***-2267, and was the called party and recipient of Defendant's autodialer calls.

18. Despite Plaintiff informing Defendant to stop calling, the Defendant's texts to Plaintiff's cellular phone continued after Plaintiff's original and/or subsequent revocations. Plaintiff estimates over fifty (50) texts to his cell phone post-revocation and/or without his prior express consent.

19. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls (texts) just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

20. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls (texts) well-beyond the first instance when Plaintiff advised Defendant to stop texting his cell phone in writing.

21. Defendant's corporate policy is structured as to continue to call (text) individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

22. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls (texts) to Plaintiff.

## COUNT I
### (Violation of the TCPA)

23. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-two (22) above as if fully stated herein.

24. None of Defendant's autodialer calls (texts) placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

25. Defendant violated the TCPA, with respect to all of its autodialer calls (texts) made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and/or without Plaintiff's prior express consent.

26. Defendant repeatedly placed non-emergency telephone calls (texts) to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, ACADEMY LTD. d/b/a ACADEMY SPORTS & OUTDOORS, for statutory damages, actual damages, treble damages, punitive damages, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney III, Esquire
Florida Bar #: 88672
FKerney@forthepeople.com
JKneeland@forthepeople.com
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505/Fax: (813) 223-5402
Attorney for Plaintiff